IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANNE BRYANT                                                    PLAINTIFF

v.                              CIVIL ACTION NO. 2:20-CV-134-KS-MTP

STATE FARM FIRE AND CASUALTY
COMPANY                                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **denies** Defendant's Motion for

Summary Judgment [42].

### I. BACKGROUND

This is an insurance dispute arising from a house fire. The Court discussed the

background of the case in a prior opinion. *Bryant v. State Farm Fire & Cas. Co.*, 2021

WL 3086765, at *1-*2 (S.D. Miss. July 21, 2021). The Court previously granted

summary judgment in Defendant's favor as to Plaintiff's bad faith claims. The only

issue remaining for trial is a breach of contract claim as to the contents coverage

provided by Plaintiff's homeowners policy.

The Court held a pretrial conference on September 2, 2021, at which it

attempted to mediate a settlement between the parties. Defendant maintained that

it needed more information from Plaintiff before it could remit additional payment on

her contents claim. In an effort to resolve this matter without the expense of a trial,

the Court gave Plaintiff thirty days to make one more attempt to provide whatever

information Defendant wanted to support the contents claim, whether in the form of

Plaintiff's own testimony, documentation, or otherwise. In briefing, Plaintiff represents that she was unable to discover additional information responsive to Defendant's requests.

Defendant filed a Motion for Summary Judgment or Sanctions [42]. It argues that Plaintiff has insufficient evidence to carry her burden at trial of proving a breach of contract. It also argues that the Court should dismiss Plaintiff's remaining claim as a sanction for her failure to comply with the Court's order to provide additional documentation in support of her claim.

## II. SANCTIONS

First, the Court denies Defendant's motion insofar as it requests the Court dismiss Plaintiff's case as a sanction for failing to comply with the Court's orders regarding further supplementation of her contents claim. The Court's intention was to facilitate the parties' settlement of this matter so that both sides could avoid the expense of a trial. If Plaintiff is unable to supplement her claim, the Court will not dismiss her case for failure to do so. If she is simply unwilling to do so and wants to go to trial, that is her prerogative.

## III. MOTION FOR SUMMARY JUDGMENT

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where

the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

Defendant argues that Plaintiff failed to comply with the terms of the policy after the loss, and, therefore, it is entitled to summary judgment. The policy provides, in relevant part:

> After a loss to which this insurance may apply, you shall see that the following duties are performed:
>
> * * *

3

     c.     prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

     d.     as often as we reasonably require:

* * *

     (2)     provide us with records and documents we request and permit us to make copies . . . .

Exhibit V [33-22], at 38. Defendant contends that Plaintiff failed to comply with this condition of payment.

Defendant has made two contents coverage payments to Plaintiff. First, it paid her $2,722.22 on April 7, 2020. Exhibit A [42-1], at 1. This payment was based on an initial inventory provided by Plaintiff. Exhibit Q [33-17]; Exhibit M [33-13]. On June 25, 2021, Defendant issued a second payment of $35,388.36. Exhibit A [42-1], at 1. The second payment was based on Plaintiff's initial inventory, Exhibit 2 [44-2], and testimony that she provided during her deposition conducted on March 8, 2021. Exhibit S [33-19], 79-213.

Based on the current record, the Court does not know which additional items Defendant paid for in the second payment, or what specific information Defendant gleaned from Plaintiff's deposition that altered its analysis of her claim. Defendant apparently believes that Plaintiff has sufficiently complied with the policy as to some of the items from her inventory because it paid her $38,110.58 in benefits. Defendant

4

has not explained why or how Plaintiff has not sufficiently complied with the policy with respect to other items on the inventory. Therefore, the Court concludes that there is a genuine dispute of material fact as to whether Plaintiff has provided sufficient information for further payment under the policy.

## IV. CONCLUSION

For these reasons, the Court **denies** Defendant's Motion for Summary Judgment [42].

SO ORDERED AND ADJUDGED this 26th day of January, 2022.

/s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
