IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANNE BRYANT                                                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 2:20-CV-134-KS-MTP

STATE FARM FIRE AND CASUALTY
COMPANY                                                                                       DEFENDANT

## ORDER

This cause comes before the Court upon the Court's *sua sponte* reconsideration of the sanctions imposed during the trial that commenced on May 9, 2022. As the parties are aware, this Court ordered that the case be dismissed with prejudice after the jury was excused and an exchange occurred between counsel and the Court. The Court finds that the sanction imposed was too harsh under the circumstances and now revises such sanctions. Therefore, the prior order of dismissal with prejudice issued by the Court is hereby withdrawn. It is hereby ORDERED that sanctions in the amount of $300.00 be assessed against Mr. Joseph Turney, counsel for the Plaintiff, for his refusal to adhere to the evidentiary rulings of the Court and his refusal to answer questions posed by the Court. The trial will be reset at a later date.

It is further ORDERED that, with regard to the trial in this case, the following shall clarify for the parties what is to be tried in this matter based on the history of the case, the Court's prior rulings on dispositive motions, and the stipulations of the parties. As the parties are well aware, the Court granted summary judgment in favor

of the Defendant as to the claims of bad faith denial, bad faith delay, and punitive damages. [3], Thus, the only claim left is for breach of contract, as pled in the original Complaint, which was never amended. [1-2] at ¶¶ III, IV.

In a diversity action such as this, this Court is bound to apply Mississippi law. *See Price v. Litton Sys., Inc.*, 784 F.2d 600, 602 (5th Cir. 1986)(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941) and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). Under Mississippi law, insurance policies are contracts. *See S. Healthcare Servs., Inc. v. Lloyd's of London*, 110 So. 3d 735, 744 (Miss. 2013). In the Pretrial Order, the parties stipulated to the following facts: (1) Plaintiff's home was destroyed by fire; (2) Plaintiff's home was covered for the loss under a homeowners policy issued by State Farm Fire and Casualty Company; (3) State Farm has paid all claims presented, with the exception of a dispute over the remaining contents coverage under the policy; (4) The Plaintiff's policy carried contents coverage of $102,834; (5) State Farm initially paid $2,272.00 on the contents coverage and then made a supplemental payment of $35,388.36 following the deposition of the Plaintiff; and (6) The remaining contents coverage is $65,173.64. [40] at p. 8. Therefore, the policy of insurance is the contract upon which the breach of contract claim is based. Therefore, regardless of any version of the "issues" submitted by either party in the Pretrial Order, the only issue for resolution by the jury is how much State Farm owes, if any, under the policy of insurance.

No later than thirty (30) days prior to the new trial date, the parties may file any motions in limine they feel necessary to address evidentiary issues.

SO ORDERED AND ADJUDGED this 16th day of May 2022.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE