# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ANNE BRYANT**                                                      **PLAINTIFF**

**V.**                                                          **CAUSE NO. 2:20-CV-134-KS-MTP**

**STATE FARM FIRE AND CASUALTY**
**COMPANY**                                                  **DEFENDANT**

## PLAINTIFF COUNSEL'S MOTION FOR RECONSIDERATION

**COMES NOW**, the Plaintiff's counsel, Joseph L. Turney, and files this his *Motion for Reconsideration* and would state unto the Court the following, to-wit:

1.

Counsel Turney files this *Motion* requesting the Court to reconsider It's May 16, 2022, Order sanctioning counsel for not adhering to the Court's evidentiary rulings and counsel's alleged refusal to answer the Court's questions posed to counsel during his opening statement.

2.

The Court has made findings pertaining to denial of the issue of punitive damages to the jury. However, Counsel is unaware of any finding pertaining strictly to the Plaintiff's claim for breach of contract and directly to the issue as to wether State Farm produced or failed to produce a full copy of the policy terms, conditions, and exclusions to its insured, the Plaintiff, and what terms/exclusions apply to the Plaintiff in her claim against State Farm for paying the policy limit of contents coverage as a result. In fact, the Court's focus in questioning the Plaintiff and her counsel, based on the foregoing issue, has been both before trial and at trial solely wether a contract existed or not. The repeated response of the Plaintiff and her counsel on all occasions has been that a contract for insurance did exist and, according

to said terms as produced and communicated to the Plaintiff, said contract has been breached..

However, the Plaintiff has always contended that it was an issue for the jury to determine what terms/exclusions apply and what should be legitimately required by State Farm of the Plaintiff before paying or denying said claim in full or in part. This is rightly a right of the jury as the finder of fact because State Farm failed to produce those additional terms/exclusions over the life of the policy it now relies upon to the detriment of the Plaintiff until after her total loss. Thus, at all times, answers to the Court's inquiries were given within the fact subset the Plaintiff intends and is ready to prove, but for whatever reason unbeknownst to counsel, the answer has always been unsatisfactory to this Court.

3.

As to wether a contract for insurance on the Plaintiff's home existed, Mississippi has longa answered that question.

> "Insurance policies are matters of contract," and the same rules that govern other contracts apply to the interpretation of insurance contracts. . . Likewise, the same essential elements for contract formation apply: offer and acceptance, supported by consideration. . . Generally, "[w]hen the insurance company's offer to issue the insurance is accepted by the insured and premium payment is made, the contract is formed and the rights and obligations of the respective parties 'lock in.' " "[F]or an insurance contract to exist the minds of the parties must meet as to the terms of the contract." *AmFed National Insurance Co. v. NTC Transportation, Inc.*, 196 So.3d 947, 954 (Miss. 2016); *Prudential Ins. Co. Of Am. V. Stewart,* 969 So.2d 17, 21 (Miss. 1982); *Krebs v. Strange*, 419 So.2d 178, 181 (Miss. 1982).
>
> The application, when accepted by the company, consummates the contract, whether a policy has ever been written up and duly signed and delivered, or not. The offer on the one side, and the acceptance of it on the other, constitute the "meeting of the minds of the parties on the same subject," and complete the contract. *Alabama Gold Life Ins. Co. V. A. M. Herron*, 56 Miss. 643, 645 (1879). Notice of acceptance completes the contract, which, from that moment, is obligatory on both parties. The company has assumed the risk, and the assured has assumed liability for the premium.... *Id.* at 646.

But, in the absence of an agreement to contrary, "[i]t is not essential that the . . . policies be actually delivered to the insured, before the contract becomes effective." *Scottish Union & Nat'l Ins. Co. V. Warren Gee Lumber Co.*, 118 Miss. 740, 80 So. 9, 13 (1918).

> Generally, through bargaining transactions conducted between the insurer's agent and the potential insured, the agent invites the potential insured to make an offer by submitting an application. *Andrew Jackson Life Ins. Co. V. Williams*, 566 So.2d 1172, 1177 (Miss. 1990). In the alternative, the insurer may make the offer through the agent's express assent to the specific and definite terms of coverage. *Id.* At 1178. Such terms include all of the essential terms as delineated in the application-the subject matter of insurance, the period of coverage, the premium, and the amount of insurance. *Id.* There must be a complete understanding between the parties as to these terms in order for such assertions by the insurer or the agent to constitute an offer. *Id.*

In this case before this Court, there was such a meeting of the minds from the acceptance of the application originally by State Farm and its insured in 1977 through each renewal demand sent by State Farm and premium paid by family before her and the Plaintiff since 1989 for policy limits, including contents coverage, on the subject home leading up to the total loss in home and contents due to fire in August 2018.

What's left for the jury to consider as the finder of fact and also distinguishes this case from all other precedent is that from the inception of the insurance contract in 1977 for her family and 1989 for this Plaintiff is that throughout the life of the policy the only terms communicated to and produced to the aforementioned insureds beyond the above aforementioned terms necessary to form the contract was the limited information on the application, policy premium demand letters, and what the local State Farm agent communicated to his client, the insured Plaintiff.

4.

"No person shall engage in this state in any trade practice . . . or an unfair . . . practice

in the business of insurance. Miss. Code Ann. §83-5-33. Included as "unfair . . . practice in the business of insurance" is "making . . . statement misrepresenting the terms of any policy issued or to be issued, or the benefits or advantages promised thereby...." Miss. Code Ann §83-5-35.

> "...Mississippi statute provides, in pertinent part, that "every person [who performs certain actions] for or on behalf of any ... insur[er] ... shall be held to be the agent of the company ... as to all duties and liabilities imposed by law, *whatever conditions or stipulations may be contained in the policy or contract.* . . "The purpose of this statute is to prevent insurers from operating through third persons [*e.g.,* agents] and later denying responsibility for the acts of those persons." . . . The gist of all this is that the acts of an agent, who is deemed "authorized" as a matter of law, are imputable to the insurer. . . The acts of the agent are binding upon the insurer. . . ("[I]t is well settled that the principal is liable for the frauds and misrepresentations of his agent acting within the scope of his authority or employment, even though he had no knowledge thereof and received no benefits therefrom.")," *Andrew Jackson Life Insurance Company v. Williams*, 566 So.2d 1172, 1180 (Miss. 1990); *Miss. Code Ann.* § 83-17-1 (1972; *Ford v. Lamar Life Ins. Co.*, 513 So.2d 80, 88 (Miss. 1985); *Mitchell v. Aetna Cas. & Surety Co. V. Miller*, 579 F.2d 342 (5th Cir. 1978); *National Life & Accident Ins. Co. V. Miller*, 484 So.2d 329, 335-336 (Miss. 1985); *Southern United Life Ins. Co. v. Caves*, 481 So.2d 764, 767 (Miss. 1985); *Gulf Guar. Life Ins. Co. V. Middleton*, 361 So.2d 1377, 1382-84 (Miss. 1978); *Trawick v. Manhahatton*, 447 F.2d 1293, (5th Cir. 1971); *United American Ins. Co. v. Merrill*, 978 So.2d 613, 629 (Miss. 2007); and *Napp v. Liberty Nat'l Life Ins. Co.*, 159 So.2d 164 (1963).

"We find that if agents do offer advice to insureds, they have a duty to exercise reasonable care in doing so. A jury should be allowed to decide whether reasonable care was exercised here." *Mladineo v. Schmidt*, 52 So.3d 1154, 1163 (Miss. 2010). "In order to establish negligent misrepresentation, the following elements must be proven: '(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the

plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.' " *Id.* at 1164-1165; *Hazlehurst Lumber Co., Inc. V. Miss. Forestry Comm'n*, 983 So.2d 309, 313 (Miss. 2008); *Horace Mann Life Ins. Co. V. Nunaley*, 960 So.2d 455, 461 (Miss. 2007).

The statements made by State Farm's Agent, Elmo Harrison, over the years that Ms. Bryant was adequately covered and would be taken care of in the event of any loss, regardless if he intended a misrepresentation/ommission or not, were just that and State Farm is liable under the subject policy per the application terms for the content of those statements and assurances irrespective of the policy terms, conditions, and exclusions that were never disclosed to Ms. Bryant. Had State Farm produced the full written policy to its insured, the Plaintiff would have been charged with the terms and exclusions of same, wether she read them or not, recognizing the authority, or lack of, of her local agent and his misrepresentations/omissions. But that is not the case in this cause of action due to lack of due diligence and negligence on State Farm's part. In this cause of action, procedural unconscionability on the part of State Farm is being endorsed and approved by the Court as It whimsically dismisses the undisputed fact that this Plaintiff was never given the opportunity to study the FULL written contract and inquire about its terms and exclusions, thus having no knowledge of such terms and exclusions until after her loss.

5.

The Plaintiff prays for such other relief as deemed appropriate by the Court.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff's counsel moves the Court, in accordance with the facts disputed herein and applicable law as outlined above, to

reconsider Its Order sanctioning said counsel for violating alleged evidentiary rulings and allegedly refusing to answer the Court's questions as to the existence or not of a contract.

And if the Plaintiff's counsel has prayed for wrong, improper, or insufficient relief, then he prays for such other and further relief as to which he may be entitled in the premises.

Dated this the 24th day of May, A.D., 2022.

Respectfully submitted,
JOSEPH L. TURNEY

By: s/Joseph L. Turney

JOSEPH L. TURNEY, MBN. 100903
JOSEPH L. TURNEY, PLLC
716 Main Street
Columbia, Ms 39429
(601)731-2098
josephlturneyatt@bellsouth.net
josephturney@hotmail.com
Attorney for Anne Bryant

## CERTIFICATE OF SERVICE

I, Joseph L. Turney, do hereby certify that I have this day via CM/ECF delivered a true and correct copy of the above and foregoing document to the following:

> John A. Banahan
> Bryan, Nelson, Schroeder, Castigliola & Banahan
> Post Office Drawer 1529
> Pascagoula, MS 39568
> john@bnscb.com

This the 24th day of May, 2022.

s/Joseph L. Turney